IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

PERRY KEITH CONERLY and
VIVIAN CONERLY                                                            PLAINTIFFS

v.                                           CIVIL ACTION NO. 2:24-cv-118-LG-MTP

HOBBY LOBBY STORES, INC.
and JOHN DOES 1-10                                                        DEFENDANTS

## MEMORANDUM OPINION AND ORDER CONCERNING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiffs, Perry Keith and Vivian Conerly, filed this premises liability action against Defendant, Hobby Lobby Stores, Inc. ("Hobby Lobby") in the Circuit Court of Lamar County on May 31, 2024, seeking damages allegedly related to a trip and fall that occurred in the Hobby Lobby store located in Hattiesburg, Mississippi. Hobby Lobby then removed it to this Court on August 1, 2024. Hobby Lobby has now filed a Motion for Summary Judgment [47] on the grounds that it cannot be held liable under Mississippi law because a dangerous condition did not exist, and even if one did, it was open and obvious. After review of the summary judgment evidence, arguments of counsel and the relevant legal authority, the Court finds that there exist genuine issues of material fact that preclude judgment as a matter of law.

### BACKGROUND

On June 27, 2022, Vivian Conerly ("Mrs. Conerly") visited the Hobby Lobby store (the "store") at 5058 Hardy Street, Hattiesburg, Mississippi. At this store, all

1

customers must pass through a large foyer area to reach a set of double doors to enter the main part of the store. Zachary Clarke is a co-manager at the store, and part of his job is to stock the inventory in the seasonal area in the foyer. Video surveillance footage submitted into the record captured the entire incident.[1]

Prior to Mrs. Conerly's arrival, Clarke was working in the foyer area of the store, bringing in items on a metal flatbed handcart (the "cart") and stocking the items for sale. In the middle of the foyer was a seasonal display made up of an array of pumpkins on a large table, which was covered on the edges with what looks like brown picket fencing. There were items on the floor around the table as well. The length of the table ran north to south. At some point after emptying the cart, Clarke left it on the west side of the seasonal display, up against the table of pumpkins, and walked away. He did not use any signage or take any other measures to warn customers of the cart's presence.

Not long after Clarke walked away, Mrs. Conerly entered the store's foyer area from the east entrance and walked through the foyer. As she rounded the seasonal pumpkin display, her left shin hit the cart, and she tripped and fell over the corner of the cart onto the ground face first. Mrs. Conerly testified the seasonal display blocked her view of the cart, which was only about 8 inches tall. She further testified she never saw the cart before she fell.

---

[1] *See* [47-4]. The footage provides four different vantage points: Main Door 1; Main Door 2; Foyer 1; and Foyer 2.

## DISCUSSION

### I. SUMMARY JUDGMENT STANDARD

A motion for summary judgment may be filed by any party asserting that there is no genuine issue of material fact, and that the movant is entitled to prevail as a matter of law on any claim. Fed. R. Civ. P. 56. The movant bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response. If the movant does, however, meet this burden, the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001).

### II. MISSISSIPPI PREMISES LIABILITY LAW

"[P]remises liability is a theory of negligence that establishes the duty owed to someone injured on a landowner's premises as a result of 'conditions or activities' on the land . . . ." *See Benson v. Rather*, 211 So. 3d 748, 752 (Miss. Ct. App. 2016) (quoting *Doe v. Jameson Inn Inc.*, 56 So. 3d 549, 553 (Miss. 2011)). "In a premises-liability case, 'the plaintiff must prove the familiar elements of duty, breach of duty, proximate cause, and damages[.]'" *Hartford v. Beau Rivage Resorts, Inc.*, 179 So. 3d 89, 91 (Miss. Ct. App. 2015) (quoting *McCullar v. Boyd Tunica, Inc.*, 50 So. 3d 1009, 1011 (¶ 11) (Miss. Ct. App. 2010)). The duty owed depends on the status of the

injured party, i.e., whether they were a trespasser, an invitee, or a licensee at the time of the injury. *Benson*, 211 So. 3d at 752.

Here, there is no dispute that Mrs. Conerly was a business invitee. As such, Hobby Lobby owed her a duty of reasonable care for her safety on its premises. *See Wal-Mart Stores, Inc. v. Littleton*, 822 So. 2d 1056, 1058 (Miss. Ct. App. 2002). In other words, the duty owed to Mrs. Conerly required Hobby Lobby to "exercise reasonable or ordinary care to keep the premises in a reasonably safe condition or to warn of dangerous conditions not readily apparent, which the owner knows of, or should know of, in the exercise of reasonable care." *Hartford*, 179 So. 3d at 91 (citation omitted) (quotation marks omitted). However, "the occurrence of a fall on a floor within a business is insufficient to show negligence on the part of the proprietor." *Walker v. Cellular South, Inc.*, 309 So. 3d 16, 25 (Miss. Ct. App. 2020).

### III.   ANALYSIS

"In every premises-liability case, the plaintiff must show that a dangerous condition exists." *Hartford*, 179 So. 3d at 91. "The plaintiff must also show: (1) a negligent act by the defendant caused the dangerous condition; or (2) the defendant had actual knowledge of the dangerous condition but failed to warn the plaintiff; or (3) the dangerous condition remained long enough to provide the defendant with constructive knowledge." *McCullar v. Boyd Tunica, Inc.*, 50 So. 3d 1009, 1012 (Miss. Ct. App. 2010) (citing *Jacox v. Circus Circus Miss., Inc.,* 908 So. 2d 181, 184–85 (¶ 7) (Miss. Ct. App. 2005)). Accordingly, "[a]ctual or constructive knowledge of a dangerous condition is not a required element of proof in a premises-liability case

4

where a business owner's negligence caused the danger." *Id.* (citing *Elston v. Circus Circus Miss., Inc.*, 908 So. 2d 771, 773 (¶ 9) (Miss. Ct. App. 2005)).

While there is no dispute that Clarke placed the cart in its position in the foyer prior to Mrs. Conerly's fall, Hobby Lobby urges that the Plaintiffs cannot establish that a dangerous condition existed. Hobby Lobby contends that "courts have routinely held that conditions such as display stands, hand trucks, raised door thresholds, curbs, and steps are not unreasonably dangerous." [48] at p. 6 (quoting *Smith v. Fed. Cleaning Constrs.*, 126 F. App'x 672, 674 (5th Cir. 2005)). The *Smith* case involved a trip and fall over a plainly visible water hose. And while Hobby Lobby has correctly quoted the Fifth Circuit, the court in *Smith* followed that statement with: "On the other hand, one court has found that there was a fact question as to whether a condition was unreasonably dangerous where a deli counter had a sharp, pointed, and jagged edge under the counter, at knee level, and out of sight." *Smith*, 126 F. App'x at 674 (citing *Tate v. S. Jitney Jungle Co.*, 650 So. 2d 1347, 1347 (Miss. 1995)).

The clear visibility of the condition in *Smith* also existed in other cases Hobby Lobby relies upon. For example, in *Wal-Mart Stores, Inc. v. Littleton*, the court explained, "Littleton's testimony demonstrated that she was aware of the hand truck in the aisle. She saw it, and in her testimony stated, 'it looked to me like that buggy was out too far.'" 2002 Miss. App. LEXIS 419, *5 (Miss. Ct. App. Apr. 2, 2002). Similarly, in *Ware v. Frantz and Wal-Mart*, Plaintiff turned her shopping cart at an intersection of store aisles and struck a free-standing display shelf with

5

her shopping cart, causing her to fall. 87 F. Supp. 2d 643, 645 (S.D. Miss. 1999). The court noted that the plaintiff had clearly testified the reason she had failed to see the shelf of the display was either that "she had not been looking where she was going" or "because the item [she had placed] in her shopping cart had obstructed her view." *Id.* at 646–47. And again, the same is true for *McGovern v. Scarborough*, where the court found that a two-to-three-inch elevated threshold, which was a different color than the floor, the door stop, and the door itself and was in plain and open view, was not a dangerous condition. 566 So. 2d 1225, 1226–28 (Miss. 1990).

"Whether a dangerous condition exists may be a question of fact for the jury." *Pilot Travel Centers, LLC v. Womack*, No. 2023-CA-00035-COA, 2024 WL 5133004, *2 (Miss. Ct. App. Dec. 17, 2024). Here, unlike in the cases described above, Mrs. Conerly's testimony demonstrates a question of fact as to whether the cart was visible, thus potentially creating a dangerous condition. Mrs. Conerly testified she was not aware of the cart's presence because the placement of the cart hid it from view such that she could not see it and that she did not see it until after she fell. [47-3] 25:14–15; 27:15–22.

Mrs. Conerly further testified, and the video confirms, that the bed of the cart is only about eight (8) inches high, making it well below eye-level. [47-3] 31:16–20. Moreover, while the video footage shows the placement of the cart, the vantage point of the security camera is above where Mrs. Conerly's vantage point would have been. And as Plaintiffs point out, even Clarke acquiesced that the cart's location behind the table in the foyer could be considered dangerous. [52-2] 37:4–11;

6

74:14–22; 75:5–9. Thus, it will be up to the jury to determine whether at the time Plaintiff fell there existed a dangerous condition.

The parties' testimony and the video evidence raise a question of fact not only as to the existence of a dangerous condition but also as to whether the condition was open and obvious. The Mississippi Supreme Court instructed in *Bell v. City of Bay St. Louis*, "conditions are either open and obvious or not open and obvious. Common sense and experience negates an either/or categorization of such conditions. Just how open and obvious a condition may have been is a question for the jury, in all except the clearest cases." 467 So. 2d 657, 664 (Miss. 1985) (citing *Lancaster v. City of Clarksdale*, 339 So. 2d 1359, 1360 (Miss. 1976)). Here, it is simply not as clear as Hobby Lobby contends.

## CONCLUSION

On summary judgment, the Court must view the facts and evidence in the light most favorable to the non-moving party. *See Plumhoff v. Rickard*, 572 U.S. 765, 768 (2014). Because Plaintiffs have raised genuine issues of material fact, it will be up to a jury to determine whether a dangerous condition existed, whether the condition was open and obvious, and ultimately whether Hobby Lobby failed to maintain the premises in a reasonably safe condition.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Hobby Lobby Stores, Inc.'s [47] Motion for Summary Judgment is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 15th day of November, 2025.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE